**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVANUS HARYADI, | No. 08-72369 |
| Petitioner, | Agency No. A095-198-461 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Stevanus Haryadi, a native and citizen of Indonesia, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny in part and grant in part the petition for review, and we remand.

We reject Haryadi's contention that the BIA violated his due process rights by refusing to accept his late-filed brief, and by failing to explain why the IJ did not err. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process challenge); *see also* 8 C.F.R. § 1003.3(c)(1).

Substantial evidence supports the agency's denial of CAT relief because Haryadi failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

Substantial evidence also supports the agency's finding that Haryadi failed to demonstrate past persecution, because the harassment and mistreatment suffered, even considered cumulatively, does not rise to the level of persecution. *See id.* at 1059-60 (concluding that beatings by Indonesian youth, robbery of sandals and pocket money, and confrontation with a threatening mob on way to bible school, were instances of discriminatory mistreatment). In analyzing future

fear, however, the agency did not assess Haryadi's claim under a disfavored group analysis, and it did not have the benefit of our intervening decision in *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). Accordingly, we remand for the agency to assess Haryadi's asylum and withholding of removal claims under the disfavored group analysis in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**